IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JD TOOL, INC. | ) | Case No. 12-61421 |
| | ) | |
| Debtor. | ) | |

ORDER DENYING MOTION TO DISMISS

The Chapter 7 Trustee seeks dismissal of this no-asset case.  He asserts that it
was filed for the sole purpose of shifting the burden of preparing and filing the
Debtor's final tax returns from the Debtor's principals to him and that, because the
estate is insolvent, he must not only use his own funds to pay an accountant to prepare
the returns, he is exposed to personal liability for any resulting tax or penalty for
failing to file the returns.  For the reasons that follow, I find that the Debtor filed this
case for reasons other than merely shifting the duty of filing the returns to the Trustee
and that, while the Trustee may be obligated to file tax returns on behalf of the Debtor,
he is not exposed to personal liability for taxes in this case.  Therefore, the Motion to
Dismiss will be denied.

According to the Debtor's Statement of Financial Affairs, the Debtor ceased
doing business in July 2012.  It filed this voluntary Chapter 7 bankruptcy case on July
31, 2012, and Fred Charles Moon was appointed Chapter 7 Trustee.  After conducting
the § 341 Meeting of Creditors, the Trustee determined that there are no assets or

claims which will produce any money to pay for the costs and expenses of administration or which will produce a significant dividend for creditors of this estate. The Trustee has filed a Report of No Distribution and has abandoned all of the Debtor's assets.

Although it would appear that the Debtor had employees for the first part of 2012 (before it filed the bankruptcy petition), the Debtor has not filed W-2s or a Form 940 for 2012, nor has it filed its final income tax return, Form 1120-S. The Trustee asserts that he is now responsible for filing the Debtor's tax returns and that he cannot do so without hiring an accountant. Because there are no funds in the estate to hire an accountant, he says he is required to incur the expense personally without reimbursement. He also suggests that he is exposed to personal liability for any taxes owed. The Trustee moved to dismiss the case pursuant to § 305(a)(1) (asserting that the interests of creditors and the debtor would be better served by dismissal); § 707(a)(1) (asserting dismissal for cause, including unreasonable delay by the debtor that is prejudicial to creditors); and § 105 (under this Court's authority to enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code). The Trustee seeks dismissal because, in sum, the Debtor is a mere corporate shell with no assets to administer, and that the Trustee is unnecessarily and unjustifiably exposed to personal liability related to the taxes.

2

The Debtor responds, first, that its principals have offered to pay the expenses required to prepare and file the outstanding tax returns.  It also says it filed the case because it has assets and the principals believed it was in the best interest of creditors to have a third party such as the Trustee review the situation to determine if any distribution to unsecured creditors might be achieved.  Even though no distribution will occur, the Debtor asserts that everyone is benefitted by having the business closed and wound down through the bankruptcy process rather than through piecemeal state court litigation.

The Debtor's schedules do show some assets, including real property and a small amount of accounts receivable, albeit with no equity.  The fact that there are no assets with equity for a trustee to distribute to creditors is not, in and of itself, grounds for dismissal – indeed, many Chapter 7 cases result in no distribution to unsecured creditors.  If the sole purpose of the bankruptcy filing had been to shift the burden and expense of filing tax returns from the Debtor's principals to the Trustee, that might have been a basis for dismissal.  But, that is not the case here, since the Debtor's principals have offered to assist the accountant and to cover the expense of having the tax returns prepared.

The Trustee also asserts he is exposed to personal liability for the taxes themselves, or for penalties for failing to file the returns.  Since the Debtor has not

operated postpetition, and the Trustee has sold no assets, there are no postpetition taxes for which the Trustee might be liable here.  If the Trustee were exposed to personal liability for the prepetition taxes, that might be the basis for dismissing a no-asset case.  However, for the reasons that follow, I am not convinced that the Trustee is exposed to such personal liability in this Chapter 7 case where he has done no business on behalf of the Debtor and there are no assets for him to liquidate.

As the Trustee asserts, every corporation subject to income tax is required by § 6012(a)(2) of the Internal Revenue Code to file an income tax return.[1]  A corporation's filing of a bankruptcy petition does not generally affect its requirement to file tax returns, and a separate taxable entity is not created as a result of the filing of a case by a corporation.[2]  The corporate tax return for the year in which the petition is filed should include all income and tax attributes recognized by the debtor corporation during the entire taxable year that includes the petition date.[3]  If a corporation is in existence during any part of a taxable year, it is required to file an

---

[1] 26 U.S.C. § 6012(a)(2).

[2] 11 *Collier on Bankruptcy* ¶ TX3.02[b]; John D. Howard, *An Overview of the State and Federal Tax Responsibilities of Bankruptcy Trustees and Debtors*, 93 Commercial Law Journal 43, 45 (1988) ("No new taxable entity results from the commencement of a bankruptcy case involving a corporation or partnership.  Thus, the accounting period of a debtor corporation or partnership is undisturbed upon the commencement of the bankruptcy proceeding.") (citation omitted).

[3] *Id.*

income tax return; if it is in existence for only a portion of a taxable year, an income tax return is only required for the fractional part of the year in which the corporation existed.[4] "A corporation will cease to be in existence for return filing purposes only when it has ceased business and dissolved, retaining no assets."[5]

28 U.S.C. § 960(a) provides that "[a]ny officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation." The purpose of this statute is to ensure that any business operated by an agent of a federal court (such as a trustee) will be subject to the same tax burdens as competitive businesses that are not being supervised by a federal court.[6] Thus, under this provision, trustees who are operating the debtor's business or liquidating its assets should be required to file tax returns for the bankruptcy estate.[7]

---

[4] *Id.*

[5] 14A Martens Law of Federal Income Taxation § 54.92 (updated Dec. 2012) (citation omitted).

[6] 11 *Collier on Bankruptcy* ¶ TX3.03[1][a].

[7] *Id. See also IRS Publication 908* ("A separate taxable estate is not created when a partnership or corporation files a bankruptcy petition and their tax return filing requirements do not change. The debtor-in-possession, court appointed trustee, assignee, or receiver must file the entity's income tax returns on Form 1065, Form 1120, or Form 1120-S.").

In addition, when a corporation files bankruptcy and a trustee is appointed, the trustee's duty to file tax returns is governed by § 6012(b)(3) of the Internal Revenue Code, which provides as follows:

> In a case where a receiver, trustee in a case under Title 11 of the United States Code, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all the property or business of a corporation, whether or not such property or business is being operated, such receiver, trustee, or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns.[8]

In other words, if a trustee "has possession of or holds title to all or substantially all the property or business of [the debtor], whether or not such property or business is being operated," then the trustee is required to file tax returns on behalf of the debtor. The Supreme Court has made clear that this provision applies, and a trustee of a corporate debtor is required to file returns, regardless of whether the trustee is an "operating trustee" or a "liquidating trustee."[9]

While it is thus clear that, if the Trustee were either operating the Debtor's business or liquidating its assets, he would be obligated to file the Debtor's tax returns covering both the prepetition and postpetition periods, it is not entirely clear from this

---

[8] 26 U.S.C. § 6012(b)(3).

[9] *Holywell Corp. v. Smith*, 503 U.S. 47, 112 S.Ct. 1021 (1992); *see also* 11 *Collier on Bankruptcy* ¶ TX3.03[1][c].

6

Court's research whether a trustee who neither operates a business nor liquidates

assets (and abandons all assets back to the debtor) is required to file returns for

prepetition periods.  As one court has pointed out, albeit in a different context, §

6012(b)(3)'s express language provides that the trustee is required to file the returns

if he *has* possession of assets.[10]  After a trustee abandons property back to the debtor,

the trustee no longer has possession of the assets; rather, they revert back to the

debtor.[11]  In other words, is a trustee who abandons all property back to the debtor a

"liquidating trustee" required to file tax returns?

In addition, the Debtor points out that the IRS permits a trustee to apply for a

waiver of the filing requirements under certain circumstances.  Specifically, a trustee

of a corporation in bankruptcy "may be relieved from filing federal income tax returns

for the period after the dissolution has occurred in fact, that is, it has ceased business

---

[10]  *See In re Hudson Oil Co., Inc.*, 91 B.R. 932, 946 (Bankr. D. Kan. 1988)
("Nowhere in this section does it state that a trustee's duty to file return is limited to those
years when he *held* possession or title to all or substantially all the property or business
during the actual tax year. On the contrary, the section clearly provides that if the trustee
*has* property or business of the corporation now he shall file the return in the same
manner as corporations are required. As such, if the trustee *has* all or substantially all the
property of the business of a corporation and the tax return is due, the trustee should file
the return even though the taxable year may have ended prior to the filing of the
petition.") (emphasis in original).

[11]  *See* 11 U.S.C. § 554.

7

operations and has neither assets nor income."[12]  While the Trustee could file such a

request in this case, it is not clear to the Court at this juncture whether and to what

extent the IRS would grant it, given that the waiver only applies to post-"in fact

dissolution" periods and the Debtor entered operated the business for part of 2012

prior to the filing, and entered the bankruptcy with assets.[13]

       As the *Hudson Oil* court said:

> It has been opinionized by some that the Internal Revenue Code is one
> of the most complicated documents ever written.  From my experience,
> the same can be said about the Bankruptcy Code.  Thus, if you can just
> visualize how complex matters become whenever the two Codes become
> intertwined, you can imagine this case; the case to determine [the
> debtor's] tax, interest, and penalty liability for the tax year ending on
> October 31, 1983.[14]

Here, the Internal Revenue Service has not been made a party to this motion and,

therefore, has not stated its position on the Trustee's obligations here.  And, although

the United States Trustee entered an appearance in this case, it has not weighed in on

---

[12]  Rev. Rul. 84-123, 1984 WL 262739 (Aug. 13, 1984); *IRS Pub. 908* ("A trustee . . . of a corporation in bankruptcy . . . may apply to the IRS for relief from filing federal tax returns for the corporation.  To qualify, the corporation must have ceased business operations and have no assets nor income for the tax year.").

[13]  *See also* 13 *Mertens Law of Federal Income Taxation* § 47.75 (updated Dec. 2012) (the obligation of a trustee or receiver to file tax returns may not apply if the corporation, although not formally dissolved, has ceased operations and has no assets or income; however, a liquidating corporation is deemed to continue as long as its affairs are being settled and its assets are not actually distributed).

[14]  *In re Hudson Oil Co., Inc.*, 91 B.R. 932, 944 (Bankr. D. Kan. 1988).

the motion, either.

Without the benefit of either of those agencies' positions on the issue, and with no contrary authority from the Debtor, I conclude at this point that the Trustee is correct that he is required to file the Debtor's tax returns for the entire 2012 tax year and that he may be subject to penalty if he fails to either file them or obtain a waiver.[15]

I recognize that this filing requirement may impose a hardship on trustees under certain circumstances, particularly when a debtor's  books are a mess, or when the debtor and its principals refuse to cooperate or participate in the preparation and filing of tax returns.  According to one commentator, when a corporation has been delinquent in filing returns for prepetition tax years, "[t]he general practice among bankruptcy courts is to require the trustee to undertake reasonable efforts to ascertain such prepetition tax year information and to protect the trustee from personal liability for the prepetition tax years," which is "a sensible approach to a bad situation not

---

[15] *See also* Robert E. Ginsberg, Robert D. Martin and Susan V. Kelley, *Ginsberg and Martin on Bankruptcy* § 18.02 (current through 2012-3 Supp.) ("The corporation's bankruptcy does not cause the tax year to close, and therefore a trustee's return filed on behalf of a corporation should cover the corporation's entire tax year, even if the trustee was appointed during the year.  Bankruptcy trustees should accordingly report income for the entire year, including income received or accrued before the trustee's appointment. . . Unless a corporation is exempt from income tax under 26 U.S.C. § 501(a), the trustee must file corporate returns regardless of whether the corporation has income.") (citations omitted).

9

created by the trustee in the first place."[16]  I agree.  However, as stated above, that

exposure is obviated in this case because the Debtor's principals have offered to assist

with and pay for the preparation and filing of the returns.

As to the Trustee's assertion that he is exposed to personal liability for the taxes

themselves in this case, courts have said that, while § 6012(b)(3) serves to amplify the

return filing requirement of § 6012(a)(2), and thus requires a trustee to file a return as

a debtor would, it is clear that § 6012(b)(3) does not itself impose income tax

liability.[17]  The Trustee thus points to 26 U.S.C. § 6151(a), which provides that:

> Except as otherwise provided in this subchapter, when a return of tax is
> required under this title or regulations, the person required to make such
> return shall, without assessment or notice and demand from the
> Secretary, pay such tax to the internal revenue officer with whom the
> return is filed, and shall pay such tax at the time and place fixed for filing
> the return (determined without regard to any extension of time for filing
> the return).[18]

The Trustee asserts that, as the person required to file the returns, he is personally

liable to pay the tax under this provision.  Had the Trustee operated the business or

liquidated assets, he might well be personally liable for the taxes resulting from his

activities if he failed to pay them from the Debtor's income or liquidation proceeds.

---

[16] C. Richard McQueen and Jack F. Williams, *Debtor's and Trustee's Reporting
and Compliance Issues*, Tax Aspects of Bankruptcy Law 3d § 19:7 (updated Nov. 2012).

[17] *In re Siehl*, 1975 WL 778 at *6 (S.D. Ohio 1975).

[18] 26 U.S.C. § 6151(a).

10

He also might be personally liable if the IRS had filed a claim and the Trustee neglected to properly pay it out of estate assets. Here, however, there is both little to report and no tax obligation for the postpetition period while the Trustee was in control. In addition, I found no case in which personal liability was imposed on a trustee who had no estate assets and simply filed a return stating prepetition income. The cases cited by the Trustee all involved situations where the trustee either generated income, or liquidated assets, or both.[19]

Rather, if the Debtor had prepetition tax obligations, such an obligation simply gives rise to a claim entitled to priority under § 507(a)(8): "Overruling the courts that had held that the income tax liability of a corporate debtor for the year of the bankruptcy petition (the "Straddle Year") must be divided into a pre-petition component and a post-petition administrative expense component, BAPCPA amended

---

[19] *See, e.g., Holywell Corp. v. Smith*, 503 U.S. 47, 112 S.Ct. 1021 (1992) (Chapter 11 trustee appointed pursuant to confirmed plan of liquidation); (*In re I.J. Knight Realty Corp.*, 501 F.2d 62 (3d Cir. 1974) (involving the liability of a "non-operating" trustee of a bankrupt corporation for the payment of federal taxes on income generated from a post-petition condemnation proceeding and on an insurance claim during the liquidation and distribution of the bankrupt estate); *U.S. v. Sampsell*, 266 F.2d 631 (9th Cir. 1959) (trustees who "assumed control over" the debtor's real estate for a number of years, and who received interest and other income, before being able to liquidate it); *In re Hudson Oil*, 91 B.R. 932 (Bankr. D. Kan. 1988) (liability of *Chapter 11* trustee for late filing of returns and payments on filed tax claims); *In re Knight's Mill inc.*, 24 B.R. 143 (Bankr. Mich. 1982) (liquidating trustee liable for tax on interest earned on deposits of estate funds); *In re Siehl*, 1975 WL 778 (S.D. Ohio 1975) (tax liability incurred as a result of the trustee's collection of the debtor's accounts receivable and liquidation of other assets).

Bankruptcy Code § 507(a)(8) to provide that income and gross receipts taxes for Straddle Years are entitled to administrative expense status."[20]

As stated above, if the Trustee were required to incur significant personal expense for the preparation and filing of the returns, of if he were to demonstrate he is exposed to personal liability for taxes on prepetition income or activities over which he had no control, those might likely be a basis for dismissal of this case.  However, since I found no authority suggesting he is exposed to personal liability for taxes, and the Debtor's principals have offered to assist with and pay for the filing of the tax returns, I find no basis for dismissal.

ACCORDINGLY, the Trustee's Motion to Dismiss is DENIED, without prejudice to its being refiled if the Internal Revenue Service determines that the Trustee is exposed to personal liability for taxes in this case.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 1/16/2013

---

[20]  Robert E. Ginsberg, Robert D. Martin and Susan V. Kelley, *Ginsberg and Martin on Bankruptcy* § 18.02 (current through 2012-3 Supp.).  *See also* 11 *Collier on Bankruptcy* ¶ TX3.03[1][d] n. 32 (except when a trustee fails to pay a priority tax claim from estate assets,  "[a] trustee in bankruptcy cannot be personally liable under 31 U.S.C. § 3713 for federal taxes of a debtor that accrued either before or after the filing of the bankruptcy case.") (citation omitted).